UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION  MDL No. 2953

ORDER DENYING TRANSFER

**Before the Panel**:[*] Defendants[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York. This litigation consists of twelve actions in nine districts, as listed on Schedule A.

Plaintiffs in the Western District of New York *Black* action oppose centralization, and plaintiffs in the Southern District of New York and District of New Jersey actions filed a joinder to the *Black* plaintiffs' response.[2] Plaintiffs in the Central District of California and Northern District of California actions do not oppose centralization. All responding plaintiffs argue that, should the Panel grant centralization, the appropriate transferee district is the District of Massachusetts.[3]

After considering the arguments of counsel,[4] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Covidien LP, Covidien Holding Inc., Covidien, Inc., Covidien plc, Tyco Healthcare Group, Tyco International, Sofradim Productions SAS, Medtronic, Inc., and Medtronic USA, Inc. (together, Covidien).

[2] Defendants are under the impression that the New York and New Jersey plaintiffs' joinder adopted only the *Black* plaintiffs' arguments regarding the appropriate transferee district and Section 1404 transfer. We disagree with that interpretation, as the joinder was filed as a "Response (Joinder) In Opposition" and clearly states it "joins in the relief and arguments set forth" in the *Black* plaintiffs' response.

[3] Plaintiffs in the Eastern District of Louisiana *Singletary* action did not respond to the motion but filed a Notice of Waiver of Oral Argument that stated they support centralization in the District of Massachusetts.

[4] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of July 30, 2020, pursuant to Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2953 (J.P.M.L. Jul. 15, 2020), ECF No. 36.

of this litigation at this time. The actions share allegations that defects in defendants' hernia mesh products can lead to complications. Centralization thus likely would avoid a certain amount of duplicative discovery, eliminate the possibility of conflicting rulings on the scope of discovery and other pretrial matters, and create some efficiencies for the parties and the judiciary. But where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Hyundai and Kia GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019). We are not persuaded under the present circumstances that the benefits of centralization outweigh the disruption to the pending actions, some of which have been pending in federal court for two or three years.

Defendants rely upon our previous decisions in other hernia mesh litigations[5] to argue that centralization is appropriate here. A grant of centralization though does not guarantee that we will find centralization appropriate in another litigation alleging similar claims, and the Panel makes each of its decisions based on the circumstances presented by a particular litigation at the time.[6] Defendants also rely upon the history of those three MDLs in arguing that the federal cases alleging defects in Covidien hernia mesh products will "balloon." But the Panel has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013). And we are not persuaded that the number of cases filed in or removed to federal court will substantially increase here. Defendants argue that plaintiffs' counsel have been asserting in national advertisements that Covidien hernia mesh products are defective, and they cite to hernia mesh legal conferences that included sessions on Covidien hernia mesh products. But some of this activity has been ongoing for at least three years, and we are presented with just twelve cases today. The parties represent that more than 150 cases are now pending, but almost all have been filed in state court, and most of those in Covidien LP's home state of Massachusetts.

Defendants argue that centralization will avoid inconsistent rulings, particularly on motions to dismiss. We find this argument unconvincing here because the courts in most actions before the Panel already have ruled on motions to dismiss.

In these circumstances, we are of the view that there are alternatives to centralization available to minimize any duplication in pretrial proceedings, including informal cooperation and

---

[5] *See In re Atrium Medical Corp. C-Qur Mesh Prods. Liab. Litig.*, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381 (J.P.M.L. 2017); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 316 F. Supp. 3d 1380 (J.P.M.L. 2018).

[6] *Cf. In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig. (No. II)*, 768 F. Supp. 2d 1365 (J.P.M.L. 2011) (denying centralization even though similar claims were the subject of an earlier, closed MDL, the common defendant moved for centralization, and no defendant opposed centralization, because the motion encompassed only two actions and the factual questions at issue were not "sufficiently complex or numerous to justify Section 1407 transfer").

-3-

coordination of these actions. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("centralization under Section 1407 should be the last solution after considered review of all other options"). The presence of common counsel here should facilitate informal coordination of this relatively small number of actions. *See In re Cymbalta (Duloxetine) Prods. Liab. Litig.*, 65 F. Supp. 3d 1393, 1394 (J.P.M.L. 2014). Plaintiffs in five of the twelve actions before the Panel are represented by the same law firm, and plaintiffs in another two actions also share counsel. Defendants are represented by the same law firm in nine of the actions.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

R. David Proctor   Catherine D. Perry
Matthew F. Kennelly   Nathaniel M. Gorton
David C. Norton

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                           MDL No. 2953

## SCHEDULE A

      <u>Central District of California</u>

NORTHRUP v. COVIDIEN, LP., ET AL., C.A. No. 5:20-00355

      <u>Northern District of California</u>

JORDEN v. COVIDIEN, LP., ET AL., C.A. No. 3:19-05709

      <u>Southern District of Florida</u>

DYE v. COVIDIEN LP, C.A. No. 0:18-61485

      <u>Eastern District of Louisiana</u>

SINGLETARY, ET AL. v. COVIDIEN LP, ET AL., C.A. No. 2:19-13108

      <u>District of Massachusetts</u>

MONROE v. MEDTRONIC, INC., ET AL., C.A. No. 1:20-10144

      <u>Southern District of Mississippi</u>

OLIVER v. COVIDIEN SALES LLC, ET AL., C.A. No. 3:19-00795

      <u>District of New Jersey</u>

SMITH v. COVIDIEN LP, C.A. No. 1:19-11981

      <u>Southern District of New York</u>

GREEN v. COVIDIEN LP, C.A. No. 1:18-02939
DUNHAM, ET AL. v. COVIDIEN LP, C.A. No. 1:19-02851
DUNHAM v. COVIDIEN LP, C.A. No. 1:19-02855
KRULEWICH, ET AL. v. COVIDIEN LP, C.A. No. 1:19-02857

      <u>Western District of New York</u>

BLACK, ET AL. v. COVIDIEN, PLC, ET AL., C.A. No. 6:17-06085